# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC PERIOU | CIVIL ACTION |
| VERSUS | NO: 18-10504 |
| SCHLUMBERGER ROD LIFT, INC., ET AL. | SECTION: "H" |

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Plaintiff has failed to adequately plead diversity jurisdiction in his Complaint. Accordingly, Plaintiff shall amend his Complaint to correct this jurisdictional defect within 5 days of the entry of this Order.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under 28 U.S.C. § 1332 require complete diversity of citizenship.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008).
[2] *See* 28 U.S.C. § 1332.
[3] *See* Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

1

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business.[5] Thus, "in cases involving corporations, allegations of citizenship *must* set forth the state of incorporation as well as the principal place of business for each corporation."[6] A party's citizenship "cannot be established argumentatively or by mere inference."[7]

In his Complaint, Plaintiff alleges that Defendants Schlumberger Rod Lift, Inc. and Schlumberger Technology Corporation are "Non-Louisiana Business Corporations doing business in the state of Louisiana."[8] Plaintiff fails to allege either the states of incorporation or the principal place of business for either Defendant. Accordingly, the Court cannot determine the citizenship of the Defendants and therefore cannot determine whether it has jurisdiction.

Plaintiff's failure to properly allege jurisdiction is not fatal.[9] 28 U.S.C. § 1563 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[10] A district court's discretion to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[11] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[12] Thus, amendment should be allowed where "diversity jurisdiction was not questioned by the

---

[5] *See* 28 U.S.C. § 1332(c)(1).
[6] Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).
[7] Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotations marks and footnote omitted).
[8] *See* Doc. 1.
[9] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[10] 28 U.S.C. § 1563.
[11] *Whitmire*, 212 F.3d at 888.
[12] *Id.*

parties and there is no suggestion in the record that it does not in fact exist."[13] Accordingly, Plaintiff is granted leave to amend his Complaint to allege distinctly and affirmatively the jurisdictional facts that give rise to diversity jurisdiction in this case.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff has failed to adequately allege diversity of citizenship. Plaintiff is granted leave to amend his Complaint within 5 days from the entry of this Order. Failure to file timely an amended notice will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 6th day of November, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).