# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ERIC PERIOU                                    CIVIL ACTION

VERSUS                                         NO: 18-10504

SCHLUMBERGER ROD                               SECTION: "H"
LIFT, INC., ET AL.

## ORDER AND REASONS

Before the Court is Defendants' unopposed Motion to Dismiss (Doc. 11). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This is an action for the recovery of unpaid monthly bonuses allegedly promised to Plaintiff Eric Periou by Defendants Schlumberger Rod Lift Inc. and Schlumberger Technology Corporation (collectively "Schlumberger"). Plaintiff alleges that Schlumberger hired him as a Field Engineer Trainee with a start date of June 1, 2014. Schlumberger allegedly promised Plaintiff a "monthly training bonus of USD 10,000, payable up to a maximum of 12 months" when it hired him in April 2014.[1] Plaintiff alleges that Schlumberger paid him the $10,000 monthly bonus on June 1, 2014, but that Defendants refused to pay him any additional $10,000 bonuses.

On November 5, 2018, Plaintiff filed a breach of contract claim against Defendants. On March 4, 2019, Defendants filed the instant Motion to Dismiss.

---

[1] Doc. 1-2.

In the Motion, Defendants argue that Plaintiff's claims should be dismissed with prejudice under Rule 12(b)(6) because they are prescribed on the face of the Complaint. In the alternative, Defendants argue that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(5) for failure to timely effect service on Defendants. The Motion came under submission on March 27, 2019. As of the date of this ruling, Plaintiff has failed to respond to Defendants' Motion. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Accordingly, this Court has considered the merits of Defendants' Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the

---

[2] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[4] *Id.* (citing *Twombly*, 550 U.S. at 556).

[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[6] *Iqbal*, 556 U.S. 662 at 678.

[7] *Id.*

complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8]

## LAW AND ANALYSIS

Subject matter jurisdiction in this case is based on diversity.[9] "In diversity actions, state law governs questions regarding the running of the statute of limitations . . . unless there is a direct conflict between the federal rules and the state rules."[10] No federal rule provides a statute of limitations for breach of contract claims. Accordingly, Louisiana law applies in this case.[11]

Under Louisiana law, a claim for breach of contract generally is subject to a 10-year prescriptive period.[12] Nevertheless, "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages . . . [or] money" is "subject to a liberative prescription of three years."[13] Several Louisiana courts of appeal have held that the three-year period applies to claims seeking allegedly unpaid bonuses.[14] The three-year period "commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services."[15] Louisiana's Second Circuit Court of Appeal has held that claims for unpaid

---

[8] *Lormand*, 565 F.3d 228 at 255–57.

[9] Doc. 1.

[10] Moore v. KMart Corp., 884 F. Supp. 217, 219 (E.D. La. 1995) (citing Calhoun v. Ford, 625 F.2d 576, 577 (5th Cir.1980)).

[11] *See* Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007) (noting that federal courts apply the law of the forum state when state law applies).

[12] *See* LA. CIV. CODE art. 3499; Grabert v. Iberia Par. Sch. Bd., 638 So. 2d 645, 646 (La. 1994) (noting that breach of contract claims generally fall within Civil Code article 3499's 10-year period for "personal" actions).

[13] LA. CIV. CODE art. 3494.

[14] Chandler v. Kenyan, 862 So. 2d 1182, 1186 (La. App. 2 Cir. 2003); Rice v. Felterman, 814 So. 2d 696, 698 (La. App. 1 Cir. 2002); D'Spain v. D'Spain, 527 So. 2d 309, 318 (La. App. 5 Cir. 1988).

[15] LA. CIV. CODE art. 3495.

money become exigible or demandable "at the time the wages [are] earned and payment [is due]."[16]

In this case, Plaintiff alleges that he was owed monthly bonuses for a period of up to 12 months beginning on June 1, 2014. At the latest, his last potential monthly bonus payment came due on June 1, 2015. Prescription thus ran on Plaintiff's claim for the last of Plaintiff's allegedly unpaid bonuses on June 1, 2018. Plaintiff did not file his Complaint until November 5, 2018. Accordingly, Plaintiff's claims are prescribed. Because Plaintiff's claims are prescribed, the Court need not address Defendants' argument that this suit should be dismissed under Rule 12(b)(5).

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. All Plaintiff's claims are **DISMISSED** with prejudice.

New Orleans, Louisiana this 7th day of May, 2019.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[16] Monroe v. Physicians Behavioral Hosp., 147 So. 3d 787, 795 (La. App. 2 Cir. 2014).